ELIZABETH WHITE MCCARTHY, complainant,

*v.*

CLARENCE L. COLE, trustee, et al., defendants-respondents; HERBERT W. SALUS and ADOLPH LORCH, executors, defendants-appellants.

[Argued February 10th, 1936.   Decided April 24th, 1936.]

*Mr. Paul J. Farley* and *Mr. Augustine A. Repetto,* for the appellants.

*Messrs. Cole & Cole,* for the respondents.

The opinion of the court was delivered by

LLOYD, J.

The executors of the estate of Elizabeth White McCarthy appeal from an order of the court of chancery made July 25th, 1935, directing the payment of certain surplus moneys arising upon a foreclosure sale of some real property to Clarence L. Cole as trustee for the heirs of said estate.

The preliminary history is not necessary to recite. It is sufficient to say that upon the sale being effected and a surplus realized, Cole as trustee presented a petition to the court of chancery on January 14th, 1935, praying an order for the payment of these surplus moneys to him as trustee. The petition was referred to William M. Clevenger as master who on May 22d, 1935, reported in favor of the petitioner, and in pursuance of that report the order appealed from was made and the moneys involved were paid to Cole.

The appellants received notice of the hearing before the master, attended and produced their proofs. Instead of following up the reference to Clevenger and filing exceptions to his report, they presented another petition to the court praying that the surplus moneys so derived be paid to them as executors of the estate, which estate was alleged to be insolvent. This petition was referred to John C. Read as master, who, ignoring, or in ignorance of, the Clevenger report, proceeded to take the proofs of the parties. Read reached the same conclusion as did Clevenger, and filed his report accordingly. To this exceptions were taken and argued before Vice-Chancellor Sooy.

The vice-chancellor, coming to a different conclusion, but recognizing the binding force of the Clevenger report and the order made in pursuance thereof, could go no further than to sustain the exception to the report before him. This he did, but in the order advised it was provided that it was not to affect the order made on the Cole petition.

However erroneous both masters' reports may have been, and however correct the conclusion of the vice-chancellor, this court is powerless to give relief. The report of Clevenger

and the order entered thereon stood unimpeached as a barrier to any second report by the master appointed under the executor's petition, or to any order by the court of chancery itself except upon direct application to have them set aside. The master's report filed May 22d, and unexcepted to became a finality by lapse of time. *Morris* v. *Taylor, 23 N. J. Eq. 131.* There remained but the entry of the formal order (appealed from) in pursuance of the report.

It is urged by the appellants that Clevenger considered only the question of title, that he disregarded the testimony taken before him and that he awarded the surplus moneys on that basis alone. The difficulty is that the report, notwithstanding, definitely awards the surplus moneys to Cole as trustee. If this report was erroneous for any reason it was incumbent on the parties, who conceived themselves to be aggrieved, to file exceptions thereto and to have these exceptions presented to the court of chancery for review. This was not done. The report and the decree stand as valid steps in the cause and are conclusive of the rights of the parties. There being no exceptions to the report, and the same having been confirmed and an order of payment entered thereon, there was nothing upon which to predicate a review in this court, and the appeal is dismissed.

*For dismissal*—THE CHIEF-JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, JJ. 12.